Filed 5/23/14; pub. order 6/17/14 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., <br><br> Petitioners, <br><br> v. <br><br> WORKERS' COMPENSATION APPEALS BOARD AND SHIRLEY LAPPI, <br><br> Respondents. | G048217 <br><br> (WCAB No. ADJ3256213) <br><br> O P I N I O N |

Original proceeding; petition for a writ of review challenging an order of the Workers' Compensation Appeals Board. Decision annulled.

Law Offices of Jodie P. Filkins and Jodie P. Filkins; Sedgwick, Christina Imre and Michael Walsh for Petitioners.

No appearance for Respondent Workers' Compensation Appeals Board.

Baziak & Steevens and Mark J. Steevens for Respondent Shirley Lappi.

We granted review in this writ proceeding to address two related issues: First, whether the Evidence Code statutes governing privilege are applicable to workers' compensation administrative proceedings; and second, whether the Workers' Compensation Appeals Board (WCAB) acted improperly by ordering a party to produce documents it claims are privileged to a special master for the purpose of allowing the master to assess the merits of that privilege claim.

We conclude the Evidence Code statutes governing privilege are applicable in workers' compensation proceedings. And because Evidence Code section 915 (section 915) expressly prohibits a tribunal from ordering a party to produce documents for review as a means of determining the validity of a claimed privilege, we also conclude the WCAB erred in this case by ordering that documents which petitioners, The Regents of the University of California (the University) and its claims agent Sedgwick Claims Management Services, Inc. (Sedgwick), contend are privileged, must be produced to a special master. We return the case to the WCAB with directions to resolve the privilege dispute without any requirement the documents be subject to a preliminary review.

FACTS

Respondent Shirley Lappi sustained a workplace injury in 2003 while working as an administrative assistant for the University of California at Irvine and she filed a claim against the University for workers' compensation benefits.

In 2007, Lappi made a claim for additional workers' compensation based on an aggravation of her initial injury. Lappi noticed the deposition of the Sedgwick claims examiner assigned to her case and sought production of all unprivileged documents pertaining to her case, including Sedgwick's claims file.

2

After the University moved to quash the deposition, the workers' compensation judge (WCJ) ordered the claims examiner to make himself available for deposition at one of two alternative locations and to "produce all non-privileged portions of the claims file."

The University then produced a privilege log, identifying certain documents contained in its file as exempt from disclosure under "one or more privileges recognized by California Evidence Code." The privilege log was drafted by counsel representing both Sedgwick and the University, and identified, among other things, correspondence between Sedgwick and counsel, counsel's "invoices" and "[p]rivileged portions of claims notepad, post January 2008."

At the deposition, the claims examiner produced the claims file, which included computer notes indentified as "Notepad Detail." However, he produced none of these notes for the period after January 11, 2008, when the University initially retained counsel in this matter. Lappi made a further demand for the missing documents, which the University refused to produce on the basis of claimed privilege.

The parties returned to court on February 28, 2012. The WCJ noted the parties were unable to agree on the release of the notes and ordered the University "to file a copy of computer 'Notepad detail' with the WCJ . . . for [an] in camera review of alleged confidentiality of said notes." The matter would then be set for a further status conference for discussion with counsel on the privileged or not privileged nature of the documents. The University did not formally object to that order and apparently complied.

On May 1, 2012, the WCJ returned the claims notes to the University and ordered it to "review the Claims notes and serve any [and] all unprivileged email notations on [Lappi's counsel]." The University was also ordered "to provide a log (with dates of documents) re: any withheld information."

3

In response to that order, the University prepared a second privilege log, in which it identified 205 documents it claimed were privileged, identifying "attorney-client privilege, confidential communications, and work product" as the applicable privileges. Lappi then objected to the University's designation of 49 of those listed documents, claiming they "do not represent communications between your office and your client and, therefore, cannot be protected by attorney-client privilege." The objection made no reference to attorney work product.

Of the 49 documents disputed by Lappi, 48 were described in the privilege log as either notes, action plans, e-mail or communications which either reflected or were based upon "advice of counsel." The remaining document was described as correspondence by the University's counsel directed to a physician, with a copy to Sedgwick.

As the parties were unable to resolve this discovery dispute, the case went to trial before a WCJ on that issue. At trial, the University agreed two of the documents disputed by Lappi were not privileged, leaving 47 still in dispute. The court then heard evidence from Sedgwick's supervising claims representative concerning the disputed documents. Prior to Lappi's cross-examination of the claims representative, she requested the WCJ conduct an in camera review of the disputed documents. The University objected to any such review.

On cross-examination, the claims representative was questioned regarding each of the disputed documents individually. With respect to nearly all of them, the representative denied any present recollection of either the document's specific content or the circumstances surrounding its creation. However, she explained that she had been directly involved in the creation of the privilege log with counsel and had reviewed each of the documents when it was prepared. At that time, she determined each of the disputed documents contained communications "to defense counsel or from Sedgwick."

After the hearing concluded, the WCJ ruled that while "any communications to and from the employer/claims administrator and defense counsel are privileged and their review both prohibited and unnecessary . . . the claims notes in regard to provision of benefits, claims activities and adjustment plans, and supervisory review of claims administration are not privileged merely because the claims representative has consulted with counsel during the pendency of the claim." Accordingly, the WCJ concluded that only 11 of the 49 disputed items, which were identified as "communications with counsel," were protected from disclosure.

The University filed a petition for reconsideration of the WCJ's order before the WCAB. Lappi opposed the petition, and the WCJ recommended the petition be denied. The WCAB issued orders dismissing the petition for reconsideration and granting removal of the issue to itself on its own motion. It explained that reconsideration was appropriate only in the case of "final orders," and not in the case of discovery rulings or evidentiary disputes. Removal, however, was discretionary and was appropriate in cases where there is a showing of substantial prejudice or irreparable harm.

On the merits of the dispute, the WCAB noted that if the disputed documents "do not refer to an attorney's communication, they may not be protected by the attorney-client privilege. Moreover, if a note with an action plan does not refer to an attorney's impressions, it is difficult to see how the action plan would fall within the work product doctrine." However, the WCAB explained that "it is not clear from the testimony at trial or from the petition whether the notes sought actually summarize or refer to attorney communications." Given this dearth of concrete information, the WCAB concluded the WCJ's decision requiring production must be rescinded and that the "best course is to return the matter to the WCJ so that she may appoint a special master" who would "conduct an in camera review of the disputed documents and to provide that report to the parties and to the WCJ." After the special master's report was

5

presented to the WCJ and the parties, and any further issues addressed, the WCJ was directed to "issue a new decision."

DISCUSSION

The University petitioned this court for review of the WCAB's decision, presenting this question for our determination: "Do the attorney-client privilege, the absolute work product doctrine and Evidence Code section 915 operate within workers' compensation proceedings in the same fashion as in judicial proceedings; i.e., can the [WCAB] order an in camera review of documents in order to determine whether attorney-client privilege or the absolute [work product doctrine] apply despite Evidence Code section 915?" The answer to that question is: Yes they do and therefore, no it cannot.

*1. Propriety of Review*

Before we reach the merits, we must address Lappi's assertion that our review of the WCAB decision is premature and unauthorized because it does not qualify as a "final order from which a petition for writ of review may be taken" under Labor Code section 5950 (section 5950). (Initial capitalization omitted.) According to Lappi, review is inappropriate because the WCAB's decision is merely an *interim* one which returns the parties' discovery dispute to the WCJ for further proceedings without finally resolving their dispute.

Lappi's argument misconstrues the issue presented for our review. We are not being asked to determine the ultimate outcome of the discovery dispute – i.e., whether the University must produce the documents it claims are privileged to Lappi. Instead, the University's petition sought review of the WCAB's specific order *requiring*

6

*production of the disputed documents to a special master for an in camera inspection.* Although Lappi characterizes this order as merely "an appropriate preliminary step before determining whether . . . any of the documents are discoverable," that characterization begs the question. The issue before us is whether *the order is an appropriate preliminary step* in resolving this discovery dispute. While the WCAB's decision does not finally resolve the parties' discovery dispute, it does reflect a *final* determination of the University's right to shield these allegedly privileged documents from the contemplated third-party inspection. If we do not review the order now, there will be no further opportunity to do so before it goes into effect. Consequently, review of the order is appropriate under section 5950.

### 2. *Propriety of Compelling Production to Aid in Assessing Privilege*

Section 915 is found in division 8 of the Evidence Code (Evid. Code, § 900 et seq.), which governs privileges. It provides, in pertinent part that "the presiding officer may not require disclosure of information claimed to be privileged under this division or attorney work product under subdivision (a) of Section 2018.030 of the Code of Civil Procedure in order to rule on the claim of privilege . . . ." (§ 915, subd. (a).) Section 915 carves out some exceptions to this rule, none of which are applicable here.

It is beyond dispute that section 915 would have prohibited the type of document review ordered by the WCAB if this dispute had arisen in the context of an ordinary civil case. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 736-740.) Moreover, our Supreme Court has also expressly concluded that such an order, issued by the Public Utilities Commission, contravened section 915. (*Southern Cal. Gas Co. v. Public Utilities Com.* (1990) 50 Cal.3d 31, 45, fn. 19.)

Lappi argues the order was proper here for two reasons: First, she suggests the University had already waived any applicable privilege because it previously

7

produced the documents to the WCJ on a computer disk at an earlier point in this dispute. However, as the University points out, a waiver of privilege must be voluntary; i.e., "without coercion" (Evid. Code, § 912, subd. (a)), and its earlier production was in response to an order by the WCJ. We agree that compliance with the WCJ's order did not constitute a voluntary waiver of privilege. (See *Regents of the University of California v. Superior Court* (2008) 165 Cal.App.4th 672, 675 [concluding that production of privileged materials to government agencies in response to demand was not uncoerced, because parties feared adverse consequences flowing from refusal]; see also Evid. Code, § 919, subd. (a)(1) [specifying that any privileged information "erroneously . . . required" to be disclosed by the presiding officer in a proceeding is inadmissible].)

Lappi's second contention is that section 915 does not apply in workers' compensation proceedings. In arguing the WCAB's order was appropriate, Lappi relies on the WCAB's general statutory authority to "make inquiry in the manner, through oral testimony and records, which is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this division." (Lab. Code, § 5708.) At first blush, this argument is compelling. Labor Code section 5708 sets forth a general rule authorizing the WCAB to adopt its own "rules of practice and procedures" and specifies that in the conduct of hearings and investigations, the WCAB "*shall not be bound by* the common law or statutory *rules of evidence* and procedure." (*Ibid.*, italics added.) That language certainly appears to authorize the WCAB's disregard of the Evidence Code, including section 915.

However, when it comes to the treatment of privileged information specifically, division 8 of the Evidence Code trumps this provision of the Labor Code. Division 8 expressly applies to "*any action, hearing, investigation, inquest or inquiry* (whether conducted by a court, *administrative agency*, hearing officer, arbitrator,

8

legislative body, or any other person authorized by law) *in which . . . testimony can be compelled . . . .*" (Evid. Code, § 901, italics added.) Moreover, Evidence Code section 910 explicitly overrides any other statute which might otherwise be viewed as limiting application of the "rules of evidence" generally: "The provisions of any statute making *rules of evidence* inapplicable in particular proceedings, or limiting the applicability of rules of evidence in particular proceedings, *do not make this division inapplicable to such proceedings*." (Evid. Code, § 910, italics added.) It is well settled that "a more specific statute controls over a more general one . . . ." (*Lake v. Reed* (1997) 16 Cal.4th 448, 464.)

In light of these provisions, it is clear that while the WCAB is free to adopt rules of practice and procedures which ignore the "rules of evidence" set forth in the Evidence Code, it nonetheless remains bound by the statutory requirements for dealing with privilege found in division 8 of that code, including section 915. As a consequence, the WCAB erred in this case when it ordered an in camera review of the University's allegedly privileged documents by a special master for the purpose of assessing the merits of that privilege claim.

DISPOSITION

The order and decision of the WCAB remanding this case to the WCJ with directions to appoint a special master to review the disputed documents is annulled. The matter is returned to the WCAB with directions to reconsider the discovery dispute without requiring any preliminary review of the documents.

9

The parties are to bear their own costs in this proceeding.


                                        RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.

Filed 6/17/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA et al.,

    Petitioners,

      v.

WORKERS' COMPENSATION
APPEALS BOARD AND SHIRLEY
LAPPI,

    Respondents.

G048217

(WCAB No. ADJ3256213)

O P I N I O N

      The opinion in this matter filed on May 23, 2014, was not certified for publication.  Requests have been received to order publication of the opinion and it appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).  The requests are GRANTED.  The opinion is ordered published in the Official Reports.


                         RYLAARSDAM, ACTING P. J.

WE CONCUR:



MOORE, J.



IKOLA, J.